UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY LEE HERWALDT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-cv-9012 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Attorney Ashley Rose has filed a petition for attorney fees pursuant to 42 U.S.C. § 406(b)(1) in connection with his representation of Plaintiff Gregory Lee Herwaldt in the instant matter [dkt. 32.] This Court ruled in favor of Plaintiff and entered judgment for Plaintiff on September 14, 2016 [dkts. 23, 24]. In December of 2016, Mr. Rose filed a petition for EAJA fees under, 28 U.S.C. § 2412, which was granted that same month [dkts. 26, 31]. The matter was remanded, and a upon a remand hearing, the Social Security Administration ("SSA") issued a favorable decision for Plaintiff [dkt. 32, ¶ 4]. The SSA notified Plaintiff and Mr. Rose of this decision via a June 27, 2017 Notice of Award letter [dkt. 32-5].[1] On July 3, 2018, Mr. Rose filed his Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [dkt. 32], which is before the Court today. The Court ordered additional briefing on the issue of the timeliness of the motion [dkt. 34]. The Commissioner filed a response brief [dkt. 35], but Mr. Rose filed one sentence stating that he will not reply [dkt. 36]. Mr. Rose's fee petition is denied for the reasons stated below.

The Seventh Circuit has held that a § 406(b) petition for fees must be filed in a reasonable time. *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987). Under the Local Rules, a fee petition must

---

[1] It appears Mr. Rose received this letter on June 26, 2017, as reflected by the "received" stamp on the Notice of Award letter bearing that date. Dkt. 32-5 at p. 1. As to how Mr. Rose could have received this letter prior to the date on the letter, the Commissioner routinely postdates notices to allow for printing and mailing time. Dkt. 35, fn. 3.

be filed no later than 91 days after the judgment or settlement upon which it is based. L.R.N.D.Ill. 54.3(b). Counsel here filed his petition just over one year from the time he received the Notice of Award letter. Mr. Rose has attempted to excuse this late filing by referring to a cancer diagnosis that may have happened in either October 2016 or June 2017. While Mr. Rose's motion confusingly refers to both these dates [dkt. 32, p. 3], elsewhere within the Northern District of Illinois Mr. Rose has represented that he "has been beset with cancer of the immune system during most of 2017. The disease began to interfere significantly with counsel's ability to keep up with his court work during about October and November 2017," which is at least four months after the issuance of Notice of Award letter here. *See, e.g.*, *Walker v. Berryhill*, Case No. 18-cv-174, dkt. 13, ¶ 3; *Steeves v. Berryhill,* Case No. 18-cv-229, dkt. 9, ¶ 3.

Here, as in every SSA case, the Commissioner was obligated to withhold 25% of Plaintiff's past-due benefits to pay counsel upon the grant of a successful fee petition. POMS § GN 03920.060(A)(1)[2] ("the SSA withholds a maximum of 25 percent of past-due benefits for payment of fees, whether authorized by SSA, a court, or both"); *Logan*, 2017 WL 1344521, at *4; dkt. 32-5, p. 3. Twenty-five percent of Plaintiff's benefits in the instant matter amounts to $19,387.50 [dkt. 32-5, p. 3]. While $6,000 of these withheld benefits was paid as an administrative fee to the attorney (not Mr. Rose) who represented Plaintiff at the remand hearing, and Mr. Rose received another $8,000 of this amount under his EAJA petition, the past-due benefits remaining to be disbursed amounts to $5,387.50. The resolution of this remaining $5,387.50 is long overdue.

While the Court is not unsympathetic to Mr. Roses's medical maladies, his client has been hurt by this undue delay such that the delay cannot be excused. "When counsel delays in pursuing a case, the back benefits eventually found to be due the plaintiff accumulate…[a]nd a plaintiff suffers needlessly when his lawyer does not take appropriate action to see that the award is promptly

---

[2] POMS stands for Program Operations Manual System. The POMS manual contains the Social Security Administration's internal rules of procedure. *Schweiker v. Hansen*, 450 U.S. 785, 790, 101 S.Ct. 1468 (1981).

distributed." *Logan v. Berryhill*, 2017 WL 1344521, at *2 (N.D. Ill. Apr. 12, 2017) (denying § 406(b) fees and specifically admonishing Mr. Rose for his "long history of delay" in innumerable Northern District of Illinois cases). "Requiring attorneys to file under 406(b) in a reasonably timely fashion serves [the interests balanced by Congress in enacting the statute] by providing a flexible mechanism to enable attorneys to file fee applications while seeking to ensure that money rightfully due the plaintiff is not needlessly withheld for an excessive amount of time." *Garland v. Astrue*, 492 F.Supp.2d 216 (E.D.N.Y.2007) (nine month delay in filing § 406(b) petition unreasonable). The Supreme Court has even acknowledged that attorney's fees may be reduced in circumstances of delay. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808, 122 S. Ct. 1817, 1828 (2002).

As Mr. Rose was warned in *Logan* when Magistrate Judge Cole denied his belated § 406(b) petition in April 2017, "[d]elaying resolution of disability benefits cases by months and years begins to verge on cruelty. It is certainly contrary to the clients' best interest, to their legitimate expectations and to the transcendent public interest in the prompt resolution of legal disputes." *Logan*, 2017 WL 1344521, at *4 (referencing *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1380 (7th Cir. 1990); *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011); *Gray v. Schaub*, 1999 WL 313743, *2 (7th Cir. 1999)). We feel likewise. Mr. Rose's needless delay of over a year in filing his § 406(b) petition is contrary to the disabled Mr. Herwaldt's interest and legitimate expectations, and the public's interest in the prompt resolution of legal disputes.

As the Commissioner points out, the *Logan* decision cited above clearly put Mr. Rose on notice of the court's expectations concerning timely filing of fees. Much like in *Logan*, the 371 days Mr. Rose dallied in filing the instant petition is well over 91 days set forth in the Local Rule and well past a reasonable time. This is especially true in light of the fact Mr. Rose was able to file fee petitions in at least six other Northern District of Illinois matters since the June 27, 2017 Notice of Award letter issued here. *See Abbott v. Colvin*, Case No. 16-cv-1811 (7/14/2017 fee petition); *Gracz v. Colvin*, Case

3

No. 16-cv-4099 (7/16/2017 fee petition); *Fratantion v. Colvin*, Case No. 16-cv-2009 (10/7/2017 fee petition); *Majewski v. Colvin*, Case No. 17-cv-433 (11/9/2017 fee petition); *Pearce v. Colvin*, Case No. 16-cv-9820 (1/26/2018 fee petition); *Ullrich-Winkle v. Berryhill*, Case No. 17-cv-1971 (4/21/2018 fee petition).

In this decision, the Court attempts to strike an appropriate balance between the interests of the client, Mr. Herwaldt, and his counsel, Mr. Rose. The granting of this fee petition would not serve to further the interests of Mr. Herwaldt; the granting of this extremely late fee petition would only benefit Mr. Rose who has failed to act in a responsible manner here. Under the circumstances of the case before the Court, Mr. Rose simply waited too long to file his § 406(b) petition and must therefore forfeit his entitlement to those fees.[3]

The Court denies Mr. Rose's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [dkt. 32].

Entered: 8/7/2018

U.S. Magistrate Judge, Susan E. Cox

---

[3] It is worth noting that Mr. Rose still retains the $8,500 he received as EAJA fees for his work on this case.